UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>INSTANT CHECKMATE, LLC; TRUTHFINDER, LLC; THE CONTROL GROUP MEDIA COMPANY, LLC; INTELICARE DIRECT, LLC; and PUBREC, LLC,<br><br>　　　　　　　　　　　Defendants. | Case No.: 23-CV-1674 TWR (MSB)<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION, CIVIL PENALTY JUDGMENT, AND OTHER RELIEF AS TO DEFENDANTS INSTANT CHECKMATE, LLC, TRUTHFINDER, LLC, THE CONTROL GROUP MEDIA COMPANY, LLC, INTELICARE DIRECT, LLC, AND PUBREC, LLC**<br><br>(ECF No. 7) |

　　　Presently before the Court is the Joint Motion for Entry of Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief (ECF No. 7, "Joint Mot.") filed by Plaintiff the Federal Trade Commission (the "Commission" or "FTC") and the Settling Defendants Instant Checkmate, LLC; TruthFinder, LLC; The Control Group Media Company, LLC; Intelicare Direct, LLC; and PubRec LLC. On September 11, 2023, the Commission filed its Complaint for Permanent Injunction, Other Equitable Relief, and Civil Penalties and Demand for Jury Trial (ECF No. 1, "Complaint") pursuant to Sections 13(b) and 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b)

and 56(a)(1), and Section 621(a) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s(a).  The Settling Defendants waived service of the Summons and the Complaint.  Through counsel, the Commission and the Settling Defendants have stipulated to the entry of this Stipulated Order for Permanent Injunction, Civil Penalty Judgment, and Other Relief (the "Stipulated Order") to resolve all matters in dispute in this action between them.  Having reviewed the Parties' filings and pursuant to the Parties' Stipulation, the Court **GRANTS** the Joint Motion and **ORDERS** as follows:

## FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and in violation of the FCRA, 15 U.S.C. §§ 1681–1681x, in the promotion and sale of background reports.

3. The Settling Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Stipulated Order.  Only for purposes of this action, the Settling Defendants admit the facts necessary to establish jurisdiction.

4. The Settling Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Stipulated Order, and agree to bear their own costs and attorneys' fees.

5. The Settling Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Stipulated Order.

## DEFINITIONS

For the purpose of this Stipulated Order, the following definitions apply:

A. **"Clear(ly) and Conspicuous(ly)"** means that a required disclosure is difficult to miss (*i.e.*, easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

    1. In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented.  In any communication made through both visual and audible means,

such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

    2.    A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

    3.    An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

    4.    In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

    5.    The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

    6.    The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

    7.    The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

    8.    When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

B.    **"Close Proximity"** means that the disclosure is very near the triggering representation.  For example, a disclosure made through a hyperlink, pop-up, interstitial, or other similar technique is not in close proximity to the triggering representation.

C.    **"Consumer Report"** means any written, oral, or other communication of any information by a Consumer Reporting Agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or

mode of living, which is used or expected to be used or collected in whole or in part for a Permissible Purpose.

  D. **"Consumer Reporting Agency"** means any Person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing Consumer Reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing Consumer Reports.

  E. **"Covered Record"** means any written or oral communication that includes any of the following information from or about an individual consumer: (1) sex offender status, (2) arrest records, (3) bankruptcy records, (4) liens, (5) eviction records, (6) civil and criminal court record information, and (7) traffic tickets or citations.

  F. **"Covered Report"** means any written, oral, or other communication of any information on consumers that is assembled or evaluated in whole or in part by any Person that bears on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living.

  G. **"Permissible Purpose"** means:

   1. In response to the order of a court having jurisdiction to issue such an order or a subpoena issued in connection with proceedings before a Federal grand jury; or

   2. In accordance with the written instructions of the consumer to whom it relates; or

   3. To a Person that the Consumer Reporting Agency has reason to believe:

    a. intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or

    b. intends to use the information for employment purposes; or

   c. intends to use the information in connection with the underwriting of insurance involving the consumer; or

   d. intends to use the information in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law to consider an applicant's financial responsibility or status; or

   e. intends to use the information, as a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or prepayment risks associated with, an existing credit obligation; or

   f. otherwise has a legitimate business need for the information:

    i. in connection with a business transaction that is initiated by the consumer, including tenant screening; or

    ii. to review an account to determine whether the consumer continues to meet the terms of the account; or

   g. executive departments and agencies in connection with the issuance of government-sponsored individually billed travel charge cards; or

  4. In response to a request by the head of a State or local child support enforcement agency (or a State or local government official authorized by the head of such an agency), if the Person making the request certifies to the Consumer Reporting Agency that:

   a. the Consumer Report is needed for the purpose of establishing an individual's capacity to make child support payments; determining the appropriate level of such payments; or enforcing a child support order, award, agreement, or judgment;

   b. the parentage of the consumer for the child to which the obligation relates has been established or acknowledged by the consumer in accordance with State laws under which the obligation arises (if required by those laws); and

        c.    the Consumer Report will be kept confidential, will be used solely for a purpose described in subparagraph 4(a). above, and will not be used in connection with any other civil, administrative, or criminal proceeding, or for any other purpose; or

    5.    To an agency administering a State plan under Section 454 of the Social Security Act, 42 U.S.C. § 654, for use to set an initial or modified child support award; or

    6.    To the Federal Deposit Insurance Corporation or the National Credit Union Administration as part of its preparation for its appointment or as part of its exercise of powers, as conservator, receiver, or liquidating agent for an insured depository institution or insured credit union under the Federal Deposit Insurance Act or the Federal Credit Union Act, or other applicable Federal or State law, or in connection with the resolution or liquidation of a failed or failing insured depository institution or insured credit union, as applicable.

    H.    **"Person"** means any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity.

    I.    **"Settling Defendants"** means Instant Checkmate, LLC, TruthFinder, LLC, The Control Group Media Company, LLC, Intelicare Direct, LLC, and PubRec, LLC, individually, collectively, or in any combination, and their successors and assigns.

    J.    **"Unexpected Material Connection"** means any relationship that might materially affect the weight or credibility of a review or endorsement and that would not reasonably be expected by consumers.

## ORDER

### I.    FAIR CREDIT REPORTING ACT MONITORING PROGRAM

**IT IS ORDERED** that the Settling Defendants must not advertise, market, promote, or offer for sale any Covered Report unless they first establish and implement, and thereafter maintain, a comprehensive monitoring program (hereinafter, the "Monitoring

Program") to regularly review, assess, and determine the extent to which each Settling Defendant is operating in whole or in part as a Consumer Reporting Agency, and, if so, to regularly review, assess, and determine the extent to which the Settling Defendant is engaged in business activities prohibited by Section II of this Stipulated Order, entitled "Prohibited Business Activities."  To satisfy this requirement, each Settling Defendant or the Settling Defendants together must, at a minimum:

     A.    Document in writing the content, implementation, and maintenance of the Monitoring Program;

     B.    Designate a qualified employee or employees to coordinate and be responsible for the Monitoring Program;

     C.    Assess and document, prior to the inception of the Monitoring Program and at least once every <u>twelve (12) months</u> thereafter, the extent to which the Covered Reports promoted or offered for sale by the Settling Defendants are Consumer Reports, and the extent to which the Settling Defendants are acting as a Consumer Reporting Agency, including the extent to which users regularly use Covered Reports provided by the Settling Defendants for Permissible Purposes.  Such assessment shall include, at a minimum, a review of:

          1.    All products and services offered or sold;

          2.    Marketing and advertising materials used to promote, offer, or sell those products and services (including but not limited to any website content, advertisements, blog posts, testimonials, published statements, customer service scripts, search engine advertising keywords, push notifications, and any method or device used to direct Persons to a website);

          3.    Any measures to prevent users from using a Settling Defendant's products or services for Permissible Purposes (*e.g.*, disclaimers, certifications, account terminations, user verification, or blocking) and available evidence or information relating to the effectiveness of those measures;

/ / /

4. All users whom the Settling Defendants have reason to believe have used or intended to use one or more Covered Reports for a Permissible Purpose, all actions taken by the Settling Defendants to permanently prevent each such user from accessing Covered Reports, and the dates on which such actions were effective; and

5. Any evidence of or information about how users of the Settling Defendants' products or services use, intend to use, or expect to use those products or services (including but not limited to consumer correspondence, consumer reviews, consumer complaints, and consumer testimonials);

D. Design, implement, maintain, and document compliance with safeguards to assure that the Settling Defendants do not sell, offer, or make available Covered Reports for a Permissible Purpose, unless the requirements of this Stipulated Order that would apply to a Consumer Report are satisfied as to that product or service. Such safeguards must include, at a minimum:

1. Training of all officers, employees, and advertising affiliates, and all agents and independent contractors to the extent that their job duties are relevant to the content of this Stipulated Order, at onboarding and at least every <u>twelve (12) months</u> thereafter, on this Stipulated Order's requirements, activities that would violate those requirements, and relevant specific job duties relating to compliance with this Stipulated Order;

2. Refraining from advertising, marketing, promoting, describing, or offering for sale any product or service that involves Covered Reports as suitable or appropriate for any Permissible Purpose, unless the requirements of this Stipulated Order that would apply to a Consumer Report are satisfied as to that product or service;

3. Reviewing, prior to their publication or implementation, of all marketing and advertising materials used by the Settling Defendants to offer, promote, or sell those products and services (including but not limited to any advertisements, blog posts, testimonials, published statements, customer service

scripts, search engine advertising keywords, push notifications, and any method or device used to direct Persons to a website);

4. Requiring affiliate marketing partners by contract to obtain prior written approval from the Settling Defendants for all unique advertising and marketing copy used to offer, promote, or sell Covered Reports;

5. Clearly and Conspicuously disclosing permissible and impermissible uses of any Covered Reports under this Stipulated Order;

6. Clearly and Conspicuously requiring each user, before the purchase of any product or service, prior to running any people search or background report search, and annually thereafter, to certify:

   i. that the user will not use Covered Reports to make decisions about or in connection with hiring, promoting, reassigning, or continuing to employ any person, including current or potential volunteers and household employees such as childcare workers, contractors, or home health aides;

   ii. that the user will not use Covered Reports to make decisions about or in connection with renting or selling a house, apartment, or other residential property to any person;

   iii. that the user will not use Covered Reports to make decisions about or in connection with lending money or extending credit to any person;

   iv. that the user will not use Covered Reports in connection with the underwriting of insurance; and

   v. that the user will not use Covered Reports for any purpose related to any eligibility determination about a person.

7. Procedures to onboard users, including requiring users to agree to contracts or terms and conditions prohibiting the use of Covered Reports provided by the Settling Defendants for any Permissible Purpose and Clear and Conspicuous disclosure of such terms and conditions;

/ / /

        8.      Implementing user access controls, such as controls on the number of Covered Reports obtained per day and investigation of accounts with excessive or suspicious patterns of obtaining Covered Reports;

        9.      Conducting ongoing reviews, tests, or audits of:

           i.      the ways that users use or expect to use the Settling Defendants' products or services;

          ii.      the extent to which each Settling Defendant's officers, employees, agents, advertising affiliates, and independent contractors have implemented and are complying with the Monitoring Program; and

          iii.      the effectiveness of the Monitoring Program at detecting and preventing use of Covered Reports for Permissible Purposes; and

        10.      Implementing and complying with procedures to actively identify and investigate users who are using, have used, or likely intend to use Covered Reports for one or more Permissible Purposes and to permanently prevent those users from accessing Covered Reports within <u>three (3) business days</u> after a Settling Defendant becomes aware of the user's use of Covered Reports for a Permissible Purpose; and

E.      Evaluate and adjust the Monitoring Program in light of any changes to a Settling Defendant's operations or business arrangements, or any other circumstance that the Settling Defendants know or have reason to know may materially affect the Monitoring Program's effectiveness. At a minimum, each Settling Defendant must evaluate the Monitoring Program every <u>twelve (12) months</u> and implement modifications based on the results; and

F.      At least once every <u>twelve (12) months</u>, provide: (1) the written program required by Subsection I.A and any evaluations thereof or updates thereto; and (2) the assessments and documentation required by Subsection I.C to the Settling Defendants' board of directors or governing body or, if no such board or equivalent governing body exists, to a senior officer responsible for regulatory compliance.

/ / /

## II. PROHIBITED BUSINESS ACTIVITIES

**IT IS FURTHER ORDERED** that the Settling Defendants; their officers, agents, employees; and all other Persons in active concert or participation with any of them, who receive actual notice of this Stipulated Order, whether acting directly or indirectly, in connection with operating as a Consumer Reporting Agency, are **HEREBY PERMANENTLY RESTRAINED AND ENJOINED FROM**:

A. Failing to maintain reasonable procedures designed to limit the furnishing of Consumer Reports to Persons with Permissible Purposes to receive them. Such reasonable procedures shall require that: (1) prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose; and (2) the Settling Defendants make a reasonable effort to verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a Consumer Report;

B. Failing to maintain reasonable procedures to assure the maximum possible accuracy of the information concerning the individual about whom the report relates;

C. Failing to provide a FCRA notice to users of Consumer Reports (attached hereto as **Attachment A** to this Stipulated Order) to any person to whom a Consumer Report is provided by the Settling Defendants;

D. In offering, selling, publishing, or making available Consumer Reports for employment purposes, failing to:

1. obtain a certification that the user has complied with consumer notice requirements, including: (i) the user has provided a standalone written disclosure to the consumer that a Consumer Report may be obtained; (ii) obtained the written consent of the consumer to obtain a Consumer Report; and, (iii) prior to taking any adverse action based in whole or in part on the report, will provide the consumer with a copy of the Consumer Report and a written description of the consumer's rights under the FCRA (attached hereto as **Attachment B** to this Stipulated Order);

/ / /

    2. obtain a certification that the user will not use the information from the Consumer Report in violation of any applicable Federal or State equal employment opportunity law or regulation; and

    3. provide with the Consumer Report, unless it has been previously provided, a summary of the consumer's rights under the FCRA (attached hereto as **Attachment B** to this Stipulated Order).

  E. Furnishing a Consumer Report to any Person whom the Settling Defendants do not have reason to believe has a Permissible Purpose to receive the Consumer Report; and

  F. Failing to conduct a reasonable reinvestigation, free of charge, if a consumer disputes the completeness or accuracy of any item of information contained in a Consumer Report about that consumer that is offered, sold, published, or made available by the Settling Defendants and record the current status of the disputed information in, or delete the disputed information from, any Consumer Report that is offered, sold, published, or made available by the Settling Defendants before the end of the 30-day period beginning on the date on which the Settling Defendants receive notice of the dispute.

### III. PROHIBITION AGAINST MISREPRESENTATIONS TO CONSUMERS REGARDING COVERED REPORTS

**IT IS FURTHER ORDERED** that the Settling Defendants; their officers, agents, employees; and all other Persons in active concert or participation with any of them, who receive actual notice of this Stipulated Order, whether acting directly or indirectly, in connection with advertising, marketing, promoting, or offering any product or service, are **PERMANENTLY RESTRAINED AND ENJOINED** from misrepresenting, expressly or by implication:

  A. The effect of utilizing any mechanism to remove or flag as inaccurate certain items of information in Covered Reports;

/ / /

/ / /

B. The extent to which, or the probability that, any consumer has or may have Covered Records, the Settling Defendants have found Covered Records, or that there are possible or probable Covered Records;

C. The accuracy or completeness of the information contained in the Covered Reports;

D. That a traffic ticket or a traffic citation in a Covered Report is a criminal or arrest record; or

E. Any other fact concerning Covered Records or Covered Reports or any of the information therein, such as their accuracy, nature, characteristics, or content; or any restrictions, limitations, or conditions on users' ability to access, alter, use, correct, or delete them.

## IV. INJUNCTION CONCERNING MISREPRESENTATIONS IN VIOLATION OF SECTION 5 OF THE FTC ACT

**IT IS FURTHER ORDERED** that the Settling Defendants; their officers, agents, employees, and attorneys; and all other persons in active concert or participation with any of them, who receive actual notice of this Stipulated Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service are **PERMANENTLY RESTRAINED AND ENJOINED** from making, or assisting others in making, any misrepresentation, expressly or by implication, about

A. What a user can do or achieve with the product or service; or

B. The status of any person providing a review or endorsement of a good or service, including a misrepresentation that the reviewer or endorser is an unbiased or ordinary user of the good or service.

## V. REQUIRED DISCLOSURES OF UNEXPECTED MATERIAL CONNECTIONS

**IT IS FURTHER ORDERED** that the Settling Defendants; their officers, agents, employees; and all other persons in active concert or participation with any of them, who receive actual notice of this Stipulated Order, whether acting directly or indirectly, in

connection with promoting or offering for sale any Covered Report or related good or service, are **PERMANENTLY RESTRAINED AND ENJOINED** from making, or assisting others in making, any representation, expressly or by implication, about any reviewer or endorser of such good or service without disclosing, Clearly and Conspicuously, and in Close Proximity to that representation, any Unexpected Material Connection between such reviewer or endorser and (1) the Settling Defendants; or (2) any other individual or entity affiliated with the good or service.

## VI.  MONITORING OF ENDORSERS

**IT IS FURTHER ORDERED** that <u>within ninety (90) days of the date of entry of this Stipulated Order</u>, the Settling Defendants; their officers, agents, employees, and attorneys; and all other persons in active concert or participation with any of them, who receive actual notice of this Stipulated Order, whether acting directly or indirectly, in connection with promoting or offering for sale any Covered Report or related good or service, must take steps sufficient to ensure compliance with Subsection B of the Section of this Stipulated Order titled Injunction Concerning Misrepresentations in Violation of Section 5 of the FTC Act and the Section of this Stipulated Order titled Required Disclosures of Unexpected Material Connections.  Such steps shall include, at a minimum:

A.    Providing each reviewer or endorser of any Covered Report or related good or service with a clear statement of his or her responsibilities to disclose Clearly and Conspicuously and in Close Proximity to the endorsement, in any review, online video, social media posting, or other communication endorsing the good or service, the reviewer or endorser's Unexpected Material Connection to the Settling Defendants, or any other individual or entity affiliated with the good or service; and obtaining from each such reviewer or endorser a signed and dated statement acknowledging receipt of that statement and expressly agreeing to comply with it.  For the purpose of this subsection, the term "signed" may include a verifiable electronic or digital form of signature, to the extent that such form of signature is recognized as a valid signature under applicable Federal law or State contract law;

B. Establishing, implementing, and thereafter maintaining a system to monitor and review the representations and disclosures of reviewers and endorsers with any Unexpected Material Connection to the Settling Defendants, or any other individual or entity affiliated with the good or service to ensure compliance with the Subsection B of the Section of this Stipulated Order titled Injunction Concerning Misrepresentations in Violation of Section 5 of the FTC Act and the Section of this Stipulated Order titled Required Disclosures of Unexpected Material Connections. The system shall include, at a minimum, monitoring and reviewing the endorsers' reviews, online videos, and social media postings;

C. In the event an Unexpected Material Connection is not disclosed, contacting each reviewer or endorser to request such a disclosure. If such disclosure is not made or the review or endorsement is not removed, the Settling Defendants shall contact the platform on which the review or endorsement appears requesting its removal; and

D. Creating reports showing the results of the monitoring required by Subsections B and C of this Section.

### VII. MONETARY JUDGMENT FOR CIVIL PENALTY

**IT IS FURTHER ORDERED** that:

A. Judgment in the amount of **Five Million, Eight Hundred Thousand, Dollars ($5,800,000)** is entered in favor of the Commission against the Settling Defendants, jointly and severally, as a civil penalty.

B. The Settling Defendants are ordered to pay to the Commission, by making payment to the Treasurer of the United States, **Five Million, Eight Hundred Thousand, Dollars ($5,800,000)**, which, as the Settling Defendants stipulate, their undersigned counsel holds in escrow for no purpose other than payment to the Commission. Such payment must be made within seven (7) days of entry of this Stipulated Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

///

## VIII. ADDITIONAL MONETARY PROVISIONS

A. The Settling Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Stipulated Order and may not seek the return of any assets.

B. The Settling Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which the Settling Defendants must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Stipulated Order, in accordance with 31 U.S.C. § 7701.

## IX. COOPERATION

**IT IS FURTHER ORDERED** that the Settling Defendants must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Such Settling Defendants must provide truthful and complete information, evidence, and testimony. Such Settling Defendants must cause the Defendants' officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon five (5) days' written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## X. ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that the Settling Defendants obtain acknowledgments of receipt of this Stipulated Order:

A. Each Defendant, within <u>seven (7) days of entry of this Stipulated Order</u>, must submit to the Commission an acknowledgment of receipt of this Stipulated Order sworn under penalty of perjury.

B. For <u>fifteen (15) years after entry of this Stipulated Order</u>, each Settling Defendant must deliver a copy of this Stipulated Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial

responsibilities for conduct related to the subject matter of the Stipulated Order and all agents and representatives who participate in conduct related to the subject matter of the Stipulated Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within <u>seven (7) days of entry of this Stipulated Order</u> for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Settling Defendant delivered a copy of this Stipulated Order, that Defendant must obtain, within <u>thirty (30) days</u>, a signed and dated acknowledgment of receipt of this Stipulated Order.

## XI. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that the Settling Defendants make timely submissions to the Commission:

A. <u>One (1) year after entry of this Stipulated Order</u>, each Settling Defendant must submit a compliance report, sworn under penalty of perjury:

1. Each Settling Defendant must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names; telephone numbers; and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered; the means of advertising, marketing, and sales; and the involvement of any other Defendant; (d) describe in detail whether and how that Defendant is in compliance with each Section of this Stipulated Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Stipulated Order, unless previously submitted to the Commission.

B. For <u>fifteen (15) years after entry of this Stipulated Order</u>, each Settling Defendant must submit a compliance notice, sworn under penalty of perjury, within <u>fourteen (14) days</u> of any change in the following:

/ / /

1. Each Settling Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Stipulated Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Stipulated Order.

C. Each Settling Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within fourteen (14) days of its filing.

D. Any submission to the Commission required by this Stipulated Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Stipulated Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:

> Associate Director for Enforcement, Bureau of Consumer Protection
> Federal Trade Commission
> 600 Pennsylvania Avenue NW
> Washington, DC  20580.

The subject line must begin: "*Federal Trade Commission v. Instant Checkmate, LLC et al*."

## XII.   RECORDKEEPING

**IT IS FURTHER ORDERED** that the Settling Defendants must create certain records for fifteen (15) years after entry of the Stipulated Order, and retain each such record for five (5) years. Specifically, the Settling Defendants must create and retain the following records:

/ / /

  A. Accounting records showing the revenues from all goods or services sold;

  B. Personnel records showing, for each person providing services in relation to any aspect of this Stipulated Order, whether as an employee or otherwise, that person's: name, addresses, telephone numbers, job title or position, dates of service, and (if applicable) the reason for termination;

  C. Records of all consumer complaints and refund requests related to the subject matter of this Stipulated Order, whether received directly or indirectly, such as through a third party, and any response;

  D. All unique sales or customer service scripts, form letters or emails, advertisements, or other marketing materials related to the subject matter of this Stipulated Order;

  E. All employee manuals and training materials related to the subject matter of this Stipulated Order; and

  F. All records necessary to demonstrate full compliance with each provision of this Stipulated Order, including all submissions to the Commission.

### XIII. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring the Settling Defendants' compliance with this Stipulated Order and any failure to transfer any assets as required by this Stipulated Order:

  A. Within <u>fourteen (14) days</u> of receipt of a written request from a representative of the Commission, each Settling Defendant must submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of the Court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

  B. For matters concerning this Stipulated Order, the Commission is authorized to communicate directly with each Settling Defendant.  The Settling Defendants must

permit representatives of the Commission to interview any employee or other Person affiliated with any Settling Defendant who has agreed to such an interview. The Person interviewed may have counsel present.

    C.    The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to the Settling Defendants or any individual or entity affiliated with the Settling Defendants, without the necessity of identification or prior notice. Nothing in this Stipulated Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XIV.    RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Stipulated Order. Specifically, in accordance with the Parties' Consent to Jurisdiction by a United States Magistrate Judge and Order of Reference, (*see* ECF No. 16), the Honorable Michael S. Berg, United States Magistrate Judge, **SHALL RETAIN** continuing and exclusive jurisdiction over the Parties and all matters relating to the litigation and settlement agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the agreement and this Stipulated Order.

**IT IS SO ORDERED.**

Dated: October 11, 2023

_____
Honorable Todd W. Robinson
United States District Judge